RECEIVED
MAY 28 2009
TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOE PALERMO CONSTRUCTION CORP. | CIVIL ACTION NO. 09-0201 |
| VERSUS | JUDGE DOHERTY |
| PRAETORIAN SPECIALITY INSURANCE CO. | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

Pending before the Court is the "Motion to Dismiss, or, in the Alternative, Motion to Transfer" [Doc. 11] filed by defendant Praetorian Specialty Insurance Company ("Praetorian"). In the motion, Praetorian moves to dismiss this action under Rule 12(b)(3) on grounds of improper venue, or, in the alternative, to transfer this action under 28 U.S.C. §1406. Plaintiff Joe Palermo Construction Corporation ("Palermo Construction") opposes the motion [Doc. 13], and Praetorian has filed a reply brieF [Doc. 16].

For the following reasons, the motion is GRANTED IN PART AND DENIED IN PART. Praetorian's motion to dismiss is DENIED, however, Praetorian's motion to transfer is GRANTED, and this matter is hereby TRANSFERRED to the Shreveport Division of the Western District of Louisiana for the reasons stated herein.

### I. Factual and Procedural Background

The facts of the instant lawsuit are simple and straightforward. Palermo Construction alleges it purchased a commercial general liability insurance policy to insure a marsh excavator. Coverage for the marsh excavator allegedly covered the period from November 9, 2007 to November 9, 2008. In its petition, Palermo Construction contends the marsh excavator covered by the Praetorian policy

was completely damaged by Hurricane Ike in September 2008, and that, despite being recognized as a total loss by Praetorian, Praetorian has made an inadequate payment to Palermo Construction on Palermo Construction's claim despite written proof of loss.

Palermo Construction filed suit in the 38th Judicial District Court for the Parish of Cameron, Louisiana on January 9, 2009. Praetorian, a foreign insurer based in Delaware, removed the action to this Court on the basis of diversity jurisdiction on February 4, 2009. On February 18, 2009, Praetorian filed an Answer, wherein Praetorian asserts as a defense to Palermo Construction's claims that the instant lawsuit was filed in a court of improper venue in light of the forum selection clause, and that given the diversity jurisdiction of the federal courts, the United States District Court for the Western District of Louisiana, Shreveport Division is the appropriate, and indeed exclusive, venue for the lawsuit.

Praetorian filed the instant motion to dismiss or, alternatively, to transfer, alleging the Praetorian policy issued to Palermo Construction contains a mandatory forum selection clause requiring that all legal actions arising under the Praetorian policy be filed in the First Judicial District Court for the Parish of Caddo, State of Louisiana, or, in the venue of federal court jurisdiction, the United States District Court for the Western District of Louisiana, Shreveport Division, as follows:

SERVICE OF SUIT, FORUM SELECTION & CHOICE OF LAW CLAUSES

> It is agreed by you and us that all legal actions and "suits" related to or arising out of this policy, including but not limited to, declaratory judgment actions dealing solely or partially with issues of coverage or policy interpretation, calculations of premiums, premium audits, underwriting, subrogation, collection of deductibles and all other disputes between you and us shall be governed by and construed exclusively in accordance with the laws of the State of Louisiana. **It is also agreed between the parties that the First Judicial District Court for the Parish of Louisiana, Caddo Parish, shall be the exclusive venue in Louisiana for every legal action and "suit" between you and us, or alternatively, the parties agree that the United**

**States District Court for the Western District of Louisiana, Shreveport Division, is the exclusive federal venue if jurisdiction is present under federal law.**

(emphasis added).

Praetorian contends that because of the mandatory forum selection clause, venue in this district is improper. Therefore, Praetorian moves for dismissal and/or transfer of this case to the Shreveport Division of the Western Division of Louisiana pursuant to 28 U.S.C. §1406.

## II.   Law and Analysis

Transfer of cases from one division of a federal court to another is governed by 28 U.S.C. §1406, which provides in pertinent part:

> **(a)** The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. §1406(a).

To determine whether transfer of the instant matter is appropriate, this Court must first determine whether the case "is filed laying venue in the wrong division or district." Only then *shall* the district court dismiss or transfer such case "to any district or division in which it could have been brought."

The instant case was originally filed in the 38th Judicial District Court for the *Parish of Cameron*, Louisiana. The action was removed to this Court – the United States District Court for the Western District of Louisiana, Lafayette Division – on the basis of diversity jurisdiction on February 4, 2009. The Praetorian policy issued to Palermo Construction contains a provision requiring that all legal actions arising under the Praetorian policy be filed in the First Judicial District Court for the *Parish of Caddo*, State of Louisiana, or, in the venue of federal court jurisdiction, *the*

*United States District Court for the Western District of Louisiana, Shreveport Division.* The instant motion to dismiss and/or transfer is filed on the basis that venue in both Cameron Parish and this Court – the Lafayette Division of the Western District of Louisiana – is improper. Thus, to determine whether venue is improper in *this Court*, where the case is now presently pending, this Court must determine whether the forum selection clause contained in the Praetorian policy issued to Palermo Construction is enforeceable. Assuming venue is improper in this division, this Court must also determine whether the case could have been brought in the Shreveport Division of the Western District of Louisiana, if that is indeed the division to which this Court might transfer the case.

First, it is well-settled that federal law, not state law, governs the enforceability of a forum selection clause, even when the federal court deciding the issue is sitting in diversity. *See, e.g., Ginter v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008); *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997), *citing Int'l Software Sys. v. Amplicon, Inc.*, 77 F.3d 112, 114-15 (5th Cir. 1996).

The Supreme Court has consistently held forum-selection clauses presumptively valid. *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997), *citing; Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991); *M/S BREMEN v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972); *see also Kevlin Serv., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir.1995). In *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court Court held that forum

selection clauses, although not "historically ... favored," are "prima facie valid." 92 S.Ct. at 1913.[1]

In *Ginter*, 536 F.3d at 441, the Fifth Circuit set forth a framework for the analysis to be employed by district courts in determining whether a forum selection clause is valid and enforceable:

> We begin with federal law, not state law, to determine the enforceability of a forum-selection clause. Under federal law, forum-selection clauses are presumed enforceable, and the party resisting enforcement bears a "'heavy burden of proof.'" In cases such as this one, where a litigant in federal court attempts to have a case dismissed based on a contractual provision requiring suit to be filed in state court, the forum-selection clause should be upheld unless the party opposing its enforcement can show that the clause is unreasonable. *The clause might be unreasonable when, among other things, its inclusion is the product of "overreaching" or when its enforcement would "contravene a strong public policy of the forum state."* If the contractual forum-selection clause is not unreasonable, we must determine whether it covers the tort claims at issue in this case.

(emphasis added).

Palermo Construction, therefore, bears a heavy burden in attempting to show that the forum selection clause in the instant matter is unenforceable. Palermo Construction makes two separate, but overlapping, arguments: (1) the forum selection clause is unenforceable because it is overreaching; and (2) even if the forum selection clause is enforceable, the motion to dismiss/transfer should nevertheless be denied under the principles of forum non conveniens. The overlap referred to can be found within the context of Palermo Construction's first argument -- that the forum selection clause is overreaching -- wherein Palermo Construction additionally argues the forum selection clause is unenforceable in light of forum non conveniens principles, that is, it would not

---

[1] To underscore the importance of this rule, since 1997, the Supreme Court has consistently followed the rule of *The Bremen* and, in fact, has enforced every forum selection clause in an international contract that has come before it. *See Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 540-42, 115 S.Ct. 2322, 2330, 132 L.Ed.2d 462 (1995); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 640, 105 S.Ct. 3346, 3361, 87 L.Ed.2d 444 (1985); *Scherk*, 417 U.S. at 519-20, 94 S.Ct. at 2457, cited in *Haynsworth*, 121 F.3d at 962 n.12.

be easier or more convenient for Praetorian to litigate the case in Shreveport as opposed to Lake Charles, and it would be very inconvenient for Palermo Construction to litigate the matter in Shreveport.

Both parties rely heavily on the United States Supreme Court case of *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 595, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991) in support of their respective positions. In *Carnival Cruise Lines, Inc.*, an admiralty case, cruise ship passengers sued Carnival Cruise Lines for personal injury damages in federal court in their home state of Washington. Carnival contested venue based on the wording in the cruise tickets that disputes related to the contract be litigated in Florida by filing a motion for summary judgment based on lack of personal jurisdiction over the defendant in the state of Washington. The district court granted the motion, finding the cruise line's contacts with the state of Washington were insufficient to support the exercise of personal jurisdiction. The court of appeals reversed, and the matter was taken to the United States Supreme Court on the issue of the validity of the forum selection clause.[2] The plaintiffs contested the forum selection clause, contenting, *inter alia*, it was not the product of bargaining between the parties.

In upholding the forum selection clause, the Supreme Court rejected the notion that forum selection clauses contained in non-negotiated contracts can never be valid, to wit:

> In evaluating the reasonableness of the forum clause at issue in this case, we must refine the analysis of *The Bremen* to account for the realities of form passage contracts. *As an initial matter, we do not adopt the Court of Appeals' determination that a nonnegotiated forum-selection clause in a form ticket contract is never*

---

[2] Specifically, the Supreme Court granted certiorari to address the question whether the Court of Appeals was correct in holding that the District Court should hear respondents' tort claim against petitioner. *Carnival Cruise Lines, Inc.*, 499 U.S. at 589, 111 S.Ct. at 1525. Because the Court concluded the forum-selection clause was dispositive of this question, it held it need not consider petitioner's constitutional argument as to personal jurisdiction.

*enforceable simply because it is not the subject of bargaining.*

*Carnival Cruise Lines, Inc.*, 499 U.S. at 593 (emphasis added). The Court went on to note that:

> It bears emphasis that forum-selection clauses contained in form passage contracts are subject to judicial scrutiny for fundamental fairness. In this case, there is no indication that petitioner set Florida as the forum in which disputes were to be resolved as a means of discouraging cruise passengers from pursuing legitimate claims. Any suggestion of such a bad-faith motive is belied by two facts: Petitioner has its principal place of business in Florida, and many of its cruises depart from and return to Florida ports. Similarly, there is no evidence that petitioner obtained respondents' accession to the forum clause by fraud or overreaching. Finally, respondents have conceded that they were given notice of the forum provision and, therefore, presumably retained the option of rejecting the contract with impunity. In the case before us, therefore, we conclude that the Court of Appeals erred in refusing to enforce the forum-selection clause.

*Id.* at 595.

In the instant case, this Court will examine the language of the forum selection clause at issue for fundamental fairness. First, there is no indication Praetorian chose Shreveport as the forum in which disputes were to be resolved as a means of discouraging policyholders from pursuing legitimate claims. Although Palermo Construction argues Praetorian has no substantial or extensive contacts with Shreveport such that the inclusion of the forum selection clause in the policy is the product of overreaching, the managing general agent for Praetorian is Deep South Surplus, Inc, with offices located in Shreveport, Louisiana. Notably, in its reply brief, Praetorian – an out-of-state insurer – notes Palermo Construction has alleged a bad-faith failure-to-pay claim against it, and Praetorian argues persons with knowledge of that claim on behalf of Praetorian work for Deep South in its Shreveport, Louisiana office. That Palermo Construction has not sued Deep South is of no moment; Deep South represented Praetorian in the sale of the policy as its agent and may have critical information with respect to the bad faith claim. Thus, Praetorian does have sufficient

contacts with Shreveport such that inclusion of Shreveport as the choice of forum in the policy is far from overreaching.

Additionally, Palermo Construction makes no argument that it did not have *notice* of the forum selection clause, and presumably, like the claimants in Carnival Cruise Lines, Inc., Palermo Construction retained the option of rejecting the contract with impunity. Nor is Palermo Construction an unsophisticated company navigating its way through a complicated commercial insurance policy for the first time. Indeed, as Praetorian points out in its motion, during a sworn examination before Palermo Construction filed suit in this matter, Joe Palermo requested a recess to accept a telephone call on his cell phone from Louisiana Governor Bobby Jindal. Therefore, Mr. Palermo and his company are not unsophisticated negotiators who did not have notice of the forum selection clause.

Considering the foregoing, this Court concludes Palermo Construction's argument that the forum selection clause in the instant case is overreaching is not persuasive. As this Court finds Palermo Construction has put on no evidence that the forum selection clause at issue is contrary to the public policy of the state of Louisiana, this Court concludes Palermo Construction fails to meet its heavy burden of showing that the forum selection clause in the instant case is unreasonable.

The remaining arguments advanced by Palermo Construction – that it would be more convenient for the majority of witnesses to travel to Lake Charles rather than Shreveport; that the majority of evidence is located in closer proximity to Lake Charles than Shreveport; and that it will severely harm the plaintiff to litigate this matter in Shreveport, as it has its principal place of business in Sulphur, Louisiana – are all matters closely related to the forum non conveniens analysis. The analysis that this Court must follow does not contemplate consideration of forum non

conveniens factors. Rather, this Court must consider whether the forum selection clause is *unreasonable*. Additionally, this Court notes the Fifth Circuit has held, in a case involving international corporations involved in the global transportation of goods, that the increased cost and inconvenience are *insufficient reasons* to invalidate a foreign forum selection clause. *See Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 37 (5th Cir. 1997), *citing SKY REEFER*, 515 U.S. 528, 115 S.Ct. 2322, 2327-28; *Carnival Cruise Lines*, 499 U.S. at 603, 111 S.Ct. at 1532. If increased cost and inconvenience are insufficient reasons to invalidate a valid foreign forum selection clause in the context of global transportation of goods, this Court concludes increased cost and inconvenience are certainly insufficient to invalidate a valid forum selection clause that merely requires parties, witnesses and evidence to travel from Lake Charles, Louisiana to Shreveport, Louisiana.

Finally, Palermo Construction does not advance any argument other than the foregoing that the instant lawsuit could not have been brought in the Shreveport Division of the Western District of Louisiana. This case was properly removed to the Western District of Louisiana on the basis of diversity jurisdiction, and Palermo Construction has not argued that the Shreveport Division is an improper venue *other than* the reasons advanced herein. Because this Court finds Palermo Construction's arguments unavailing, and because this Court knows of no other reason that this lawsuit could not have been filed in the Shreveport Division, this Court knows of no reason the instant lawsuit cannot be transferred to the Shreveport Division.

Therefore, for the foregoing reasons,

IT IS ORDERED that the "Motion to Dismiss, or, in the Alternative, Motion to Transfer" [Doc. 11] filed by defendant Praetorian Specialty Insurance Company ("Praetorian") is GRANTED IN PART AND DENIED IN PART. Praetorian's motion to dismiss is DENIED, however,

Praetorian's motion to transfer is GRANTED, and this matter is hereby TRANSFERRED to the Shreveport Division of the Western District of Louisiana.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 28 day of May, 2009.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE